UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TRAVELERS PROPERTY CASUALTY COMPANY OF
AMERICA,                                                                              Civil Action No.: _____

                                     Plaintiff,

                                  -against-

AXIS INSURANCE COMPANY and
NAVIGATORS INSURANCE COMPANY,

                                     Defendants.
------------------------------------------------------------------X

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ("Travelers"), and for its Complaint for Declaratory Judgment against Defendants, AXIS INSURANCE COMPANY ("AXIS") and NAVIGATORS INSURANCE COMPANY ("NAVIGATORS"), alleges as follows:

### Nature of the Action

1.  In this action, Travelers seeks a declaration that Axis and Navigators are obligated to defend and to indemnify J.T. Magen & Company, Inc., ("J.T. Magen") in connection with an underlying action asserting claims for injuries allegedly sustained by the underlying Plaintiff, Melvin Hanna, (the "Claimant"). That lawsuit is styled *Melvin Hanna v. J.T. Magen & Co., Mt. Sinai Hospital and Beth Israel Medical Center, et al.,* in the Supreme Court of the State of New York, County of New York, Index No.: 153558/2021 (the "Underlying Action"). (See Underlying Complaint hereto attached as **Exhibit "A**.").

### Parties

2.  At all times relevant hereto, Travelers was and is a Connecticut corporation licensed

and authorized to write insurance and conduct business in the State of New York with a principal place of business in Hartford, Connecticut.

3. Upon information and belief, at all times relevant hereto, Axis was and is a Georgia corporation with a principal place of business in Alpharetta, Georgia.

4. Upon information and belief, at all times relevant hereto, Navigators was and is a New York corporation with a principal place of business in Hartford, Connecticut.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. section 1332 and 28 U.S.C. Section 2201.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to this claim occurred here.

7. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Defendants Axis and Navigators.

8. Plaintiff Travelers has no other adequate remedy at law.

## Insurance Policies

9. Axis issued a commercial general liability insurance policy to Liberty Contracting, Corp. ("Liberty"), bearing Policy Number P-001-000012054-3, effective June 20, 2019 through June 20, 2020 (the "Axis CGL Policy"). The Policy provides limits of coverage of $2,000,000.00 for personal injury. (See the relevant portions of the Axis Policy hereto attached as **Exhibit "B"**).

10. Navigators issued a commercial automobile liability insurance policy to Liberty bearing Policy Number FA17MOT020340-02, effective June 20, 2019 through June 20, 2020 (the "Navigators Auto Policy"). The Policy provides limits of coverage of $1,000,000.00. (See

Navigators Policy hereto attached as **Exhibit "C"**).

11. The Axis CGL Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident subject to certain terms, conditions, and exclusions. The Policy contains various endorsements that provide coverage for the allegations in the underlying action.

12. The Axis CGL Policy contains an additional insured endorsement titled "Additional Insured-Owners, Lessees Or Contractors-Scheduled Person or Organization" which states:

COMMERCIAL GENERAL LIABILITY

CG 20 10 04 13

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

| **ADDITIONAL INSURED-OWNERS, LESSEES OR CONTRACTORS-SCHEDULED PERSON OR ORGANIZATION** |
|---|

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

Name of Additional Insured Person(s) or Organizations

One Union Square East Condominium; The Condominium Board of Managers of One Union Square East Condominium; The Residential Board of Managers of One Union Square East Condominium; The Residential Section of One Union Square East Condominium also known as Zeckendorf Towers; Maxwell Kates, Inc. as managing agent for the Residential Section, all as their interests may appear; Mount Sinai Beth Israel; Icahn School of Medicine at Mount Sinai; Beth Israel Medical Center; The St. Luke's Roosevelt Hospital Center; The New York Eye and Ear Infirmary; Mount Sinai Health Systems Inc.; The Mount Sinai Hospitals Group Inc.; The Mount Sinai Medical Center Inc.; J.T. Magen & Company Inc.

**Location(s) Of Covered Operations:**

10 Union Square East, New York, NY 10003

**A. Section II - Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

1. Your acts or omissions; or
2. The acts or omissions of those acting on your behalf,

in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.
However:
1. The insurance afforded to such additional insured only applies to the extent permitted by law; and
2. If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

***

13.     The Axis CGL Policy contains Endorsement CG 20 37 04 13, an additional insured endorsement titled, ADDITIONAL INSURED-OWNERS, LESSEES OR CONTRACTORS-. COMPLETED OPERATIONS, which states as follows:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

> **ADDITIONAL INSURED-OWNERS, LESSEES OR CONTRACTORS-COMPLETED OPERATIONS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

**SCHEDULE**

Name of Additional Insured Person(s) or Organization(s):

4

One Union Square East Condominium; The Condominium Board of
Managers of One Union Square East Condominium; The Residential Board
of Managers of One Union Square East Condominium; The Residential
Section of One Union Square East Condominium also known as Zeckendorf
Towers; Maxwell Kates, Inc. as managing agent for the Residential Section,
all as their interests may appear; Mount Sinai Beth Israel; Icahn School of
Medicine at Mount Sinai; Beth Israel Medical Center; The St. Luke's Roosevelt
Hospital Center; The New York Eye and Ear Infirmary; Mount
Sinai Health Systems Inc.; The Mount Sinai Hospitals Group Inc.; The
 Mount Sinai Medical Center Inc.; J.T. Magen & Company Inc.

**Location And Description Of Completed Operations:**

10 Union Square East, New York 10003

**A. Section II – Who Is An Insured** is amended to
include as an additional insured the person(s) or
organization(s) shown in the Schedule, but only
with respect to liability for "bodily injury," or
"property damage" caused, in whole or in part, by
"your work" at the location designated and
described in the Schedule of this endorsement
performed for that additional insured and included
in the "products-completed operations hazard."

However:

1. The insurance afforded to such additional
   Insured only applies to the extent permitted by law; and
2.  If coverage provided to the additional insured
    Is required by a contract or agreement, the
    Insurance afforded to such additional insured will not be broader
    than that which you are required by contract or agreement to
    Provide for such additional insured.

B. With respect to the insurance afforded to these
additional insureds, the following is added to
Section III-Limits Of Insurance:

If coverage provided to the additional insured is
required by a contract or agreement, the most we
will pay on behalf of the additional insured is the amount
of insurance:

1. Required by the contract or agreement; or
2. Available under the applicable Limits of

Insurance shown in the Declarations;
Whichever is less.
This endorsement shall not increase the
applicable Limits of Insurance shown in the
Declarations.

14. The Axis CGL Policy contains Endorsement CG 20 38 04 13, an additional insured endorsement titled:

**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS –
AUTOMATIC STATUS FOR OTHER PARTIES WHEN REQUIRED
IN WRITTEN CONSTRUCTION AGREEMENT**

The endorsement states:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. Section II - Who Is An Insured is amended to include as an additional insured:

1. Any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy, and

2. Any other person or organization you are required to add as an additional insured under the contract or agreement described in Paragraph 1. Above.

Such person(s) or organization(s) is an additional
Insured only with respect to liability for "bodily
Injury," "property damage" or "personal and
Advertising injury" caused, in whole or in part, by:

a. Your acts or omissions, or
b. The acts or omissions of those acting on your behalf;
in the performance of your ongoing operations for the additional insured.

However, the insurance afforded to such additional insured

6

Described above:

a. Only applies to the extent permitted by law; and
b. Will not be broader than that which you are
   Required by the contract or agreement to provide for such additional insured.

A person's or organization's status as an additional insured under this endorsement end when your operations for the person or organization described in Paragraph 1. above are competed.

15.  The Navigators Auto Policy provides commercial automobile coverage to Liberty, under Policy No.: FA17MOT020340-0.

16.  The Navigators Auto Policy provides automobile coverage to Liberty for bodily injury that takes place during the policy period and is caused by an accident subject to certain terms, conditions, and exclusions. The Navigators Auto Policy contains various endorsements that provide coverage for the allegations in the underlying action.

17.  Travelers issued a commercial general liability insurance policy to J.T. Magen bearing policy number VTC2J-C0-828K6622-TIL-18 with effective dates of August 30, 2018 through August 30, 2019 (the "Travelers Policy").

18.  Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

19.  The Travelers Policy contains excess "other insurance" provisions which provide that coverage under the Travelers Policy is excess over any other coverage available to J.T. Magen and any such entities that qualify as additional insureds, where it has been added as an "additional insured."

## BACKGROUND FACTS

20. Prior to the alleged accident in the Underlying Action, J.T. Magen and Mount Sinai Health Systems, Inc. ("Mt. Sinai") and Beth Israel Medical Center ("Beth Israel") entered into a prime contract (the "Contract"), pursuant to which J.T. Magen agreed to work as construction manager for a construction project at the 10 Union Square East, New York, New York ("the Premises").

21. Prior to the alleged accident in the Underlying Action, on July 3, 2019, J.T. Magen entered into a subcontract, pursuant to which Liberty agreed to perform all demolition, including "removal of existing doors, swinging and sliding and frames," pursuant to the Scope of Work per the subcontracted work at the Premises. (See J.T. Magen/Liberty Contracting Corp., Purchase Order # 19-0024-01 hereto attached as **Exhibit "D"**).

22. The Purchase Order contains the following requirement -**Insurance**:

**INDEMNIFICATION**
16. To the fullest extent permitted by law, Subcontractor agrees to fully indemnify, defend and hold harmless JTM, Owner, their officers, directors, agents and employees, Building Owner, Landlord, Managing Agent, Lender and all applicable additional indemnitees, if any, their respective agents, officers, directors, employees and partners, and all entities listed on "Exhibit S" hereto (or as subsequently modified)(hereinafter collectively "Indemnitees") from and against any and all claims, loss, suits, damages, liabilities, professional fees, including attorney's fees, costs, court costs, expenses and disbursements, whether arising before or after completion of the Subcontractor's Work, related to death, personal injuries, property damage, (including loss of use thereof) or the alleged violation of any environmental laws, statutes, rules, or ordinances brought or assumed against any of the indemnitees by any person, entity or firm, arising out of or in connection with or as a result of or as a consequence of (a) <u>the performance of the Work as well as any additional work, extra work, or add-on work, whether or not caused in whole or part by the Subcontractor or any person or entity employed, either directly or indirectly, by the Subcontractor including any sub-subcontractors and sub tier contractors thereof and their employees or (b) any breach of this Agreement.</u> The parties expressly agree that this indemnification agreement contemplates (1) full indemnity in the event of liability imposed against the Indemnities without negligence and solely by reason of statute, operation of law or otherwise, and (2) partial indemnity in the vent of any actual negligence on the part of the indemnitees either causing or contributing to the underlying claim in which case, indemnification will be limited to any liability imposed over and above that percentage attributable to actual faulty of the indemnitees whether by statute, operation of law or otherwise.

*Id*. (Emphasis added).

    23.    The Purchase Order also contained the following requirement of insurance:

**INSURANCE REQUIREMENTS**

18. Subcontractor will submit project specific insurance documents including but not limited to: specified endorsement (ISO Forms CG 20 10 11 85 or the combination of CG 20 38 04 13 with CG 20 37 07 04 (or CG 30 37 04 13), and CG 24 04 05 09 and WC 00 03 13) specifically naming JTM, Owner, their officers, directors, agents, and employees, Building Owner, Landlord, Managing Agent, Lender, and all applicable additional indemnitees, if any, their respective agents, officers, directors, employees and partners and all entities listed on "Exhibit S" hereto (or as subsequently modified hereinafter collectively "Indemnitees") as an additional insured afforded in a primary and non-contributory basis to all other insurance and/or self-insurance maintained by such additional insureds under all liability coverages…"

*Id*.

    24.    In the Underlying Action, the Claimant, an employee of Liberty, was allegedly caused to be injured while working at the project at 10 Union Square East, New York, N.Y. (See **Exhibit "A"**).

    25.    In the Incident Investigation Form, the description of the Incident/Accident is described as "[t]here were doors, in a A-Frame, as they were loading the garbage truck with the door's and the A-Frame with the doors landed on his foot." (See Incident Report dated July 3, 2019, hereto attached as **Exhibit "E"**).

    26.    In the Underlying Action, the Claimant seeks to impose liability on J.T. Magen, Beth Israel Medical Center, and Mt. Sinai Health System, Inc., for alleged bodily injury with respect to operations performed by or on behalf of Liberty. *See* Exhibit A, ¶ 65.

    27.    The Complaint alleges that "[t]he aforesaid accident and the injuries resulting therefrom were due solely and wholly as a result of the carelessness and negligent manner in that Defendants(s), owned, managed, operated, maintained, controlled supervised, inspected, repaired, designed renovated, constructed, the aforesaid premises, without Plaintiff, MELVIN HANNA, in any way contributing thereto." *See* Exhibit A, ¶ 107.

28. On December 7, 2021, Defendants, J.T. Magen, Mt. Sinai, and Beth Israel filed a Verified Third-Party Complaint against Liberty. The Complaint alleges several counts sounding in common law indemnity, common law contribution, contractual indemnity/contribution, and breach of agreement to procure liability insurance." (A true copy of the Verified Third-Party Complaint is attached hereto as **Exhibit "F"**).

29. On April 15, 2024, Claimant served Amended Verified Bill of Particulars. In Paragraph 11, the Claimant alleges a tear of the ATFL, tenosynovitis, subcutaneous edema at the lateral ankle, and underwent surgery on April 20, 2021. (See Answers to Verified Bill of Particulars hereto attached as **Exhibit "G"**).

30. Claimant also alleges loss of earning capacity of $808.00 per week for future earning, $41,000.00 in loss of earning, and over $60,000,00 in medical expenses and rising. *Id*. at ¶¶¶ 12, 14, 17.

31. Liberty filed a Response to Defendants Second Notice To Produce To Third-Party Defendant. Liberty set forth the vehicle involved in the loss on July 3, 2019, was a "[b]lue 2001 Mack (packer) truck, Plate #AW3811B, VIN# 1M2P268C31M059253." (See Response to Second Notice To Produce to Third-Party Defendant hereto attached as **Exhibit "H"**).

32. Navigators' Automobile Policy insures the blue 2001 Mack truck, VIN# 1M2P268C31M059253, and is listed on the Schedule of Insured Vehicles on Page 4 of the Schedule. *See* Exhibit "C" at p. 4 of the Schedule of Vehicles.

33. Travelers is defending J.T. Magen, Mt. Sinai and Beth Israel in connection with the Underlying Action.

## TENDERS TO AXIS AND NAVIGATORS

34. By multiple correspondence dated August 8, 2019, May 13, 2021, April 7, 2023;

Travelers tendered the defense, indemnity, and additional insured status of J.T. Magen, Beth Israel and Mt. Sinai to Liberty.

35. On June 21, 2024, Travelers issued a tender to Liberty, Axis, and Navigators for defense, indemnity, and additional insured status of J.T. Magen, Mt Sinai, and Beth Israel.

36. Liberty, Axis, and Navigators have failed to respond to Travelers' multiple tender requests for coverage on behalf of Travelers, Mt. Sinai, and Beth Israel.

37. To date, Defendants refuse to provide additional insured coverage to J.T. Magen, Mt. Sinai and Beth Israel under Axis' CGL Policy or Navigators' Auto Policy.

## CAUSE OF ACTION FOR DECLARATORY RELIEF

38. Travelers' repeats, realleges, and incorporates each and every allegation contained in paragraphs "1" through "37" above as if fully set forth herein.

39. Liberty performed demolition services and removal for J.T. Magen at the Premises.

40. J.T. Magen, Mt. Sinai, and Beth Israel qualify as "additional insureds" under the Axis' CGL Policy and the Navigators Auto Policy.

41. The coverage provided to J.T. Magen, Mt. Sinai, and Beth Israel under the Axis CGL Policy is primary and non-contributory with any coverage provided by the Travelers Policy.

42. The coverage provided to J.T. Magen, Mt. Sinai, and Beth Israel under the Navigators Auto Policy is primary and non-contributory with any coverage provided by Travelers Policy.

43. Accordingly, Travelers seeks a declaration that Axis has an obligation to defend and indemnify J.T. Magen, Mt. Sinai, and Beth Israel as "additional insureds" under the Axis CGL Policy; that the coverage provided by the Axis CGL Policy to J.T. Magen, Mt. Sinai, and Beth Israel is primary and non-contributory; and that the obligation of Travelers to J.T. Magen, Mt.

Sinai, and Beth Israel in the Underlying Action is excess to proper exhaustion and full payment of the limits of the Axis CGL Policy.

44. Accordingly, Travelers seeks a declaration that Navigators has an obligation to defend and indemnify J.T. Magen, Mt. Sinai, and Beth Israel as "additional insureds" under the Navigators Auto Policy, that the coverage provided by the Navigators Auto Policy to J.T. Magen, Mt. Sinai, and Beth Israel in the Underlying Action is excess to proper exhaustion and full payment of limits of the Navigators Auto Policy.

45. In addition, Travelers seeks an award at law and in equity against Axis and Navigators for recovery of all sums Travelers has paid and continues to pay in the defense of J.T. Magen, Mt. Sinai and Beth Israel in the Underlying Action because the coverage provided by the Axis CGL Policy and Navigators Auto Policy are primary to any coverage provided by Travelers.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Travelers respectfully requests that this Court issue judgment as follows:

1. Declaring that the Axis CGL Policy and Navigators Auto Policy were in full force and effect on the date of the alleged accident;

2. Declaring that all terms and conditions of the Axis CGL and Navigators Auto Policies have been complied with and met;

3. Declaring that the alleged accident and Underlying Action fall within the coverage afforded by the Axis CGL and Navigators Auto Policies;

4. Declaring that J.T. Magen, Mt. Sinai, and Beth Israel are "additional insureds" under the Axis CGL Policy to whom Axis owes coverage with respect to the Underlying Action;

5. Declaring that J.T. Magen, Mt. Sinai, and Beth Israel are "additional insureds"

under the Navigators Auto Policy to whom Navigators owes coverage with respect to the Underlying Action.

6. Declaring that Axis has a duty to defend J.T. Magen, Beth Israel and Mt. Sinai in the Underlying Action up to and including the policy limits of the Axis CGL Policy;

7. Declaring that Navigators has a duty to defend J.T. Magen, Beth Israel and Mt. Sinai in the Underlying Action up to and including the policy limits of the Navigators Auto Policy.

8. Declaring that Axis and Navigators have a duty to indemnify J.T. Magen, Mt. Sinai, and Beth Israel in the Underlying Action up to and including the policy limits of those respective policies;

9. Declaring that the coverage owed by Axis and Navigators to J.T. Magen, Mt. Sinai, and Beth Israel with respect to the Underlying Action is primary to any coverage provided by Travelers to J.T. Magen, Mt. Sinai, and Beth Israel;

10. Declaring that the obligations of Travelers to J.T. Magen, Mt. Sinai, and Beth Israel in the Underlying Action are excess to proper exhaustion and full payment of the limits of the Axis CGL Policy and Navigators Automobile Policy by means of a verdict, judgment, or settlement;

11. Awarding judgment against Axis and Navigators in an amount equal to the sums that Travelers incurred and continues to incur in defending the claims against J.T. Magen, Mt. Sinai, and Beth Israel in the Underlying Action;

12. Declaring that an actual controversy exists between Travelers and Axis and Navigators with respect to Axis and Navigators' duty to defend and indemnify J.T. Magen, Mt. Sinai, and Beth Israel in connection with the Underlying Action;

13. Awarding judgment against Axis and Navigators in an amount equal to any sums that Travelers may incur to as indemnity for or to otherwise resolve the claims against J.T. Magen,

Mt. Sinai, and Beth Israel in the Underlying Action;

     14.     Granting an award in favor of Travelers for the costs of suit incurred herein; and

     15.     Granting such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
         April 3, 2025

**USERY & ASSOCIATES**

By: */s/ Michele A. Lo Presti-Wouters*
     Michele A. Lo Presti-Wouters, Esq.
     *Attorneys for Plaintiff, Travelers Property Casualty Company of America*
     Direct: 631.501.3095
     Fax: 844.571.3789
     Email: mloprest@travelers.com

     <u>Please address all correspondence sent by mail to:</u>
     P.O. Box 2996
     Hartford, CT 06104-2996

     <u>Physical Address</u>:
     485 Lexington Avenue, 6th Floor
     New York NY 10017